IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

MARTIN MILTON MILLER, JR., )
TDCJ No. 634502, )
     Plaintiff, )
)
v. )    Civil No. 7:04-CV-136-O
)
RICHARD E. WATHEN, *et al.*, )
     Defendants. )

MEMORANDUM OPINION AND ORDER

  Came on to be considered Defendants' Motion for Summary Judgment and the responses and replies thereto and the Court finds and orders as follows:

  The Fifth Circuit Court of Appeals affirmed this Court's original judgment in part and vacated in part, remanding the case for further consideration of Plaintiff's claim that Defendants at the James V. Allred Unit have failed to provide offenders with facilities to clean and sanitize their personal articles of clothing. *See Second Amended Complaint p. 4(a).* Plaintiff claims that inmates are forced to wash their personal clothing in their cell toilets and that he has contracted a staph infection since being housed in the Allred Unit. He argues that the lack of laundry facilities for personal clothing constitutes cruel and unusual punishment. Defendants argue that Plaintiff has failed to exhaust his administrative remedies and, alternatively, that Plaintiff has failed to state a claim of constitutional magnitude. *See Defendants' Motion for Summary Judgment.*

  Although the Eighth Amendment prohibits cruel and unusual punishments, this has been interpreted by the Supreme Court to mean physically barbarous punishments, punishments which involve "the wanton and unnecessary infliction of pain," or those which are grossly disproportionate to the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Constitution does not mandate

comfortable prisons.  *Rhodes*, 452 U.S. at 349.  To the extent that conditions for prisoners in the Allred Unit are "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *See Rhodes*, 452 U.S. at 347.

Assuming, *arguendo*, that Plaintiff exhausted his administrative remedies, he has failed to state a claim of constitutional magnitude.  The summary judgment evidence submitted by Defendants reflects that Plaintiff has constitutionally adequate access to laundry facilities.  Defendant James Mooneyham, formerly a Warden at the Allred Unit, currently the Senior Warden at the Cole/Moore complex in Bonham, Texas, and 27-year employee of the TDCJ, has submitted an affidavit wherein he describes the laundry services available to Plaintiff at the Allred Unit.  *Defendants' Reply to Plaintiff's Response to Motion for Summary Judgment (Doc. #70), Exhibit pp. 1-2.*  In his affidavit, Mooneyham states the following:

> TDCJ offenders are provided clean, state-issued clothing every day that they go to work.  They are also provided clean undergarments every day, regardless of whether they go to work.  These clothes are cleaned in the prison laundry and provided to all offenders.  Clean towels are also provided to offenders.
>
> Offenders can also purchase personal items of clothing in the commissary.  This clothing is not washed in the prison laundry.  Offenders are responsible for cleaning these personal items of clothing.  Laundry soap is sold in the commissary for this purpose.  Also, each offender's cell has a sink with hot water that can be used to wash these personal items of clothing.
>
> Offenders are allowed to hang this personal clothing on their bunks to dry after washing.  However, offenders are not allowed to block cell windows with clothing or obscure the view into the cell as this would create a security issue.  Also, clotheslines and string are not sold in the commissary and are contraband.  During my tenure, I am not aware that washers and dryers have ever been provided by TDCJ for offenders to wash their personal clothing.

*Id.*

Plaintiff concedes that the prison provides clean state-issued clothing to all offenders, including himself.  *Plaintiff's Response to Defendants' Reply to Plaintiff's Response to Motion for*

*Summary Judgment (Doc. #72) at p. 3.*  He also concedes that he could purchase detergent in the commissary and wash his personal clothing in his sink.  *Id.*  However, he argues that the detergent should be available upon request.  Alternatively, Plaintiff concedes that he could wash his personal clothing in his sink with one of six bars of soap which are provided to inmates every week at no cost. However, he asserts that the "single use" bars of soap are about half the size of a complimentary hotel bar and that additional soap is not available upon request.[1]  *Id.* Implied by this statement is the argument that the bars of soap provided by the prison are too small.  However, Plaintiff has already conceded that he washes his personal clothing in the toilet.  Until this last pleading, he has not lodged any complaint regarding the lack of soap.  The Court finds Plaintiff's arguments unpersuasive.

The Fifth Circuit Court of Appeals has held that requiring inmates to wash their personal article of clothing with bar soap does not violate the Eighth Amendment.  *Gates v. Cook*, 376 F.3d 323, 342 (5th Cir. 2004); *see Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986) (finding no Eighth Amendment violation where inmates were provided with detergent to wash their cloths in the sink); *Gibson v. Lynch*, 652 F.2d 348, 352 (3d Cir. 1981) (finding an inmate's complaints about, *inter alia*, the lack of clothing and laundry service did not state an Eighth Amendment claim); *accord Lancaster v. Tilton*, 2008 WL 449844 at 18 (N.D. Cal. 2008).

Although Plaintiff is clearly unhappy with the fact that he is required to wash his own articles of personal clothing, he has failed to show that this condition involves the unnecessary and wanton

---

[1] In his pleading and in his supporting affidavit, Plaintiff states that the bars of soap issued by the prison "are approximately 3cm by 4cm by 67mm."  The Court presumes this is a mistake because that would be approximately the size of a standard bar of bath soap, not half the size of a complimentary bar of soap in a hotel.

-3-

inflection of pain or that his discomfort is grossly disproportionate to the crime for which he was convicted. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 .U.S. 1, 9 (1992). Miller has failed to show any deprivation of constitutional magnitude with regard to his laundry facilities at the Allred Unit. To the extent that he claims that he contracted a staph infection as a result of washing his own clothes, Miller has failed to submit any argument or evidence which could demonstrate such a connection. Therefore, he cannot prevail on this claim.

To the extent that Plaintiff seeks injunctive relief or monetary damages on behalf of other inmates at the Allred Unit, he has no standing to assert such claims. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *O'Hair v. White*, 675 F.2d 680, 687 (5th Cir. 1982).

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c);

*Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988).  However, "the [court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.  The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact.  Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in the instant case establishes that there are no genuine issues of material fact and that Defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, it is ORDERED that *Defendants' Motion for Summary Judgment* is GRANTED.  Plaintiff's complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The Clerk of Court shall transmit copies of this Order to Plaintiff and to Counsel for Defendants.

SO ORDERED this 2nd day of April, 2009.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**